OPINION OF THE COURT
WOLD, Senior Judge:
Contrary to his plea appellant was convicted of forcible sodomy in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 (1982). Appellant was sentenced to confinement at hard labor for eight years. The convening authority approved the sentence.
Appellant argues that the military judge erred by refusing to instruct the members of the court-martial on the elements of the lesser included offenses of aggravated assault, indecent assault, and simple assault. We disagree.
The Government’s evidence was that appellant and Inmate Joel Nutter entered the cell of Inmate E where Nutter beat Inmate E, after which appellant forcibly sodomized Inmate E while a third accomplice acted as a lookout. Inmate E testified as to the beating and sodomy, but could not identify his assailants because they wore masks.
*383 The identity of the sodomizer was established by two Government witnesses: Inmate David Hall and Inmate Joel Nutter. Hall testified that appellant had admitted his participation in the sodomy. Nutter, one of the assailants, testified that he witnessed appellant commit the act of sodomy upon Inmate E.
Defense counsel’s sole trial strategy was to demonstrate that appellant was not present during the crime by impeaching the credibility of Hall and Nutter, the only two witnesses who could place appellant at the scene of the crime.
Trial defense counsel requested an instruction on the lesser included offenses of aggravated assault, indecent assault and simple assault. The trial judge denied defense counsel’s request and expressly prohibited the members from considering any lesser included offenses.
Appellant contends that the lesser included offenses were in issue because of the evidence attacking the credibility of the Government’s witnesses. Specifically, appellant argues that the members may have believed the part of Inmate E’s testimony in which he stated that he was beaten, but disbelieved the part in which he claimed he was sodomized, resulting in a finding of guilt merely of an assault if permitted by the instructions. Appellant also claims that the members may have disbelieved the part of the testimony of Hall and Nutter in which they stated that appellant sodomized Inmate E, yet they might have believed that appellant was, nonetheless, present and involved to some degree in an assaultive crime.
The Government correctly points out that in every case the credibility of the witnesses will be an issue for consideration, yet an instruction on lesser included offenses is not required in every case. Something more is required. That something is “some evidence” (which may be evidence against credibility) which reasonably raises the issue of guilt of a lesser included offense. United States v. Clark, 22 U.S.C.M.A. 576, 580, 48 C.M.R. 83, 87 (1973). This evidence may come from any source, but must be such that the factfinder could rationally conclude from it that a lesser offense was committed rather than the offense charged. United States v. Jackson, 12 M.J. 163 (C.M.A.1981). We find that the evidence in the ease at bar was such that no reasonable person could have concluded that appellant was guilty of any lesser included offense. The posture of the evidence is such that reason compels either conviction as charged or outright acquittal.
The evidence supports the verdict of guilt as a matter of law and also, in our factfinding role, persuades us of guilt beyond reasonable doubt.
Appellant’s remaining assignment of error is also without merit.
The findings of guilty and the sentence are affirmed.
Judge NAUGHTON and Judge COHEN concur.